UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-80153-Singhal/McCabe

21 U.S.C. § 331(a)
21 U.S.C. § 333(a)(1)
21 U.S.C. § 334

UNITED STATES OF AMERICA,

vs.

LOUIS DENOFRIO, JR,

Defendant.
_____/

FILED BY ____SP____ D.C.

Aug 22, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

#### Regulatory Framework

1.  The United States Food and Drug Administration (the "FDA") was the federal agency within the United States Department of Health and Human Services ("HHS") responsible for protecting the health and safety of the American public by ensuring, among other things, that drugs were safe and effective for their intended uses and bore labeling that contained true and accurate information. The FDA's responsibilities included regulating the manufacture and distribution of drugs, including prescription drugs, shipped or received in interstate commerce, as well as the labeling of such drugs. The FDA carried out its responsibilities by enforcing the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. (the "FDCA") and other pertinent laws and regulations.

2.  Whether a product was a "drug" under the FDCA depended on its intended use. Under the FDCA, the term "drug" included any article intended for use in the diagnosis, cure, mitigation,

treatment, or prevention of disease in humans or other animals, or an article (other than food) intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g)(1).

3. The "intended use" of a drug meant the objective intent of the persons legally responsible for labeling of that drug. The intent was determined by such person's expressions, the circumstances surrounding the distribution of the article, labeling claims, advertising matter, or oral or written statements by such persons or their representatives. 21 C.F.R. § 201.128.

4. The FDCA defined "labeling" as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article," 21 U.S.C. § 321(m), and "label" as "a display of written, printed, or graphic matter upon the immediate container of any article," 21 U.S.C. § 321(k).

5. Under the FDCA, a "prescription drug" was any drug intended for use in humans that, because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary for its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or was limited by an approved application under section 21 U.S.C. § 355 for use under the professional supervision of a practitioner licensed by law to administer such drug. 21 U.S.C. § 353(b)(1).

6. The FDCA prohibited introducing or delivering for introduction into interstate commerce misbranded drugs.

7. Under the FDCA, a drug was deemed misbranded if it was a prescription drug, and it was dispensed without a valid prescription from a licensed medical practitioner. 21 U.S.C. § 353(b)(1).

8. Additionally, a drug was misbranded under the FDCA if its labeling was false or misleading in any particular. 21 U.S.C. § 352(a)(1).

2

## The Defendant

9. LOUIS DENOFRIO, JR ("DENOFRIO") was a resident of Palm Beach County, Florida.

## The Relevant Entity

10. MASS PRODUCTION HOLDINGS LLC ("MASS PRODUCTION") was a Florida limited liability company engaged in the online distributer and fulfillment business of prescription drugs. MASS PRODUCTION maintained offices in Palm Beach County. DENOFRIO was a managing member of MASS PRODUCTION. DENOFRIO owned and operated MASS PRODUCTION, primarily from Palm Beach, Florida. DENOFRIO used a website, www.purchasepeptides.net ("MASS PRODUCTION's website"), to market and distribute MASS PRODUCTION's products.

## Products Offered by Mass Production

11. Among the products offered for sale by DENOFRIO through MASS PRODUCTION were:

    a. Clenbuterol, which is approved in foreign countries for treatment of asthma and is commonly (and illicitly) used by bodybuilders, but has not been approved by the United States Food and Drug Administration ("FDA") for human use.

    b. Tamoxifen, which is the active ingredients in FDA-approved prescription drugs for the treatment of breast cancer. This drug decreases the amount of estrogen in the body and/or blocks the effect of estrogen and is commonly (and illicitly) used by bodybuilders.

    c. Tadalafil and Sildenafil, which are the active ingredients in FDA-approved prescription drugs (commonly known by the brand names Cialis and Viagra) for the treatment of erectile

dysfunction. Tadalafil and Sildenafil are commonly used by body builders to counteract the effects of steroid use.

12. Products distributed by DENOFRIO and MASS PRODUCTION were labeled "For Research Purposes Only" and "Not for Human Consumption." Despite these disclaimers, DENOFRIO knew and intended that the products sold by him through MASS PRODUCTION would be used by humans as drugs intended to affect the structure or function of the human body. Further, DENOFRIO knew that the drugs he distributed in interstate commerce were not approved by the United States Food and Drug Administration.

13. DENOFRIO well knew that he was operating an illegal drug business and that the FDCA prohibited certain activities, including selling misbranded drugs. This was exemplified by, among other things, this provision on the MASS PRODUCTION website that DENOFRIO controlled and used: "The purchaser further warrants that any material produced with any product shall not be adulterated or misbranded within the meaning of the Federal Food, Drug, and Cosmetic Act and shall not be materials which may not, under Sections 404, 505, or 512 of the Act, be introduced into interstate commerce..."

## COUNT 1

1. The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2. On January 10, 2018, in Palm Beach, in the Southern District of Florida, and elsewhere, the defendant,

## LOUIS DENOFRIO, JR.,

did cause the introduction and delivery for introduction into interstate commerce of prescription drugs, including Clenbuterol, Tamoxifen Citrate, Sildenafil and Tadalafil, that were misbranded in that the labeling of the prescription drugs was false and misleading, that is, the labeling falsely stated that the drugs were for research only, and in that the prescription drugs were dispensed without a valid prescription, in violation of Title 21, United States Code, Section 331(a) and 333(a)(1).

## **FORFEITURE ALLEGATIONS**

1.  The allegations contained in this Information are hereby re-alleged and incorporated herein by reference for alleging criminal forfeiture to the United States of America of certain property in which the defendant, LOUIS DENOFRIO, JR., has an interest.

2.  Upon conviction of a violation of Title 21, United States Code, Section 331, as alleged in this Information, the defendant shall forfeit to the United States, any and all drugs that were adulterated or misbranded when introduced into or while held for sale (whether or not the first sale) after shipment in interstate commerce or, which may not, under the provisions of section 331(11), 334, or 355 of Title 21, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property, pursuant to Title 21, United States Code, Section 334.

(This space is intentionally left blank.)

All pursuant to Title 21, United States Code, Section 334, and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*[signature]*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*[signature]*
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 23-cr-80153-Singhal/McCabe

v.

LOUIS DENOFRIO, JR.,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I   ☐ 0 to 5 days                  ☐ Petty
   II  ☐ 6 to 10 days                 ☐ Minor
   III ☐ 11 to 20 days                ☒ Misdemeanor
   IV  ☐ 21 to 60 days                ☐ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) _____
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) _____
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Robin W. Waugh
Assistant United States Attorney
FL Bar No.   0537837

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     **LOUIS DENOFRIO, JR.**

**Case No:**   23-cr-80153-Singhal/McCabe

Count #: 1

Introduction of Misbranded Prescription Drugs in Interstate Commerce

21 U.S.C. §§ 331(a) and 333(a)(1)
* Max. Term of Imprisonment: 1 year imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 1 year term of supervised release
* Max. Fine: $100,000

Count #:

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

Count #:

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 23-cr-80153-Singhal/McCabe

### BOND RECOMMENDATION

DEFENDANT: LOUIS DENOFRIO, JR.

$100,000 PSB
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Robin W. Waugh

Last Known Address: _____

What Facility: _____

Agent(s): SA Megan Allen, FDA
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 23-cr-80153-Singhal/McCabe |
| LOUIS J. DENOFRIO, JR. | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

JORDAN LEWIN
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*