UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80153-AHS

**UNITED STATES OF AMERICA**

vs.

**LOUIS DENOFRIO, JR.,**

    **Defendant.**

_____/

**GOVERNMENT'S FIRST RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Any statement made by the defendant, is enclosed herein.

       2.    The government is not aware of any post-*Miranda* statement made by the defendant.

       3.    No defendant testified before the Grand Jury.

       4.    The defendant's criminal history and prior conviction, is attached hereto.

       5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually-convenient time at the Office of the United States Attorney, 500 South Australian Avenue, West Palm Beach, FL 33401.

           Please call the undersigned to set up a date and time that is convenient to both parties to review these materials.

           The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

       6.    Lab report analysis in connection with the undercover purchases are attached here to.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of "paragraph b" of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The government does not anticipate calling as a witness any co-conspirator, accomplice or informant.

F.      Defendant was not identified in a photo spread.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). The defense is hereby on notice that all evidence made available to the defense for inspection, as well as all information disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of an electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      Laboratory analysis as defined under Title 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, is inapplicable in this case.

L.      The Government does not know of any automobile, vessel, or aircraft

|     |     |
| --- | --- |
|     | allegedly used in the commission of this offense that is in the Government's possession. |
| M.  | The government is presently unaware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | The government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. However, the government anticipates calling the following individuals, each of whom is a Chemist with FDA Forensic Chemist Center: David Skelton, Ph.D., Sara E. Kern, Ph.D., David F. Crockett, Ph.D., Lorrie A. Lin, Ph.D., and Allison M. Taylor, Ph.D., each of whom will testify consistent with his or her report(s). |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.  | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: [*see* Indictment]
> Date: [*see* Indictment]
> Place: [*see* Indictment]

      The attachments to this response were provided to counsel of record via shared electronic folder. Please contact the undersigned Assistant United States Attorney if you have any questions.

      Respectfully submitted,

      MARKENZY LAPOINTE
      UNITED STATES ATTORNEY

      /s/ *Robin W. Waugh*
      ROBIN W. WAUGH
      Assistant United States Attorney
      Florida Bar #: 537837
      500 South Australian Avenue, 4th Flr.
      West Palm Beach, Florida 33401
      Tel: (561) 820-8711
      Fax: (561) 659-4526

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, the undersigned electronically filed the foregoing document, Government's First Response to the Standing Discovery Order, without attachments, with the Clerk of the Court using CM/ECF. I further certify this same day the attachments were produced and sent via shared electronic folder to counsel of record.

/s/ *Robin W. Waugh*
ROBIN W. WAUGH
Assistant United States Attorney