UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80153-SINGHAL/McCabe

UNITED STATES OF AMERICA

v.

LOUIS DENOFRIO, JR.,

      **Defendant.**

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to Defendant Louis Denofrio, Jr.'s (the "Defendant" or "Denofrio") request to modify the conditions of his pre-trial release to permit him to use medical marijuana. Defense represents that the Defendant possesses a valid Florida medical marijuana card. The government respectfully requests that the Court deny the Defendant's motion, because granting it would permit the Defendant to violate federal law. Further, in light of the Defendant's positive test for marijuana, the government recommends that the Defendant's conditions be modified to specifically include submitting to substance abuse or alcohol testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer and deemed appropriate by Pretrial Services. With regard to Probation's recommendation and the Defendant's agreement to mental health assessment, the government does not oppose. In support thereof, the government states:

      1.      On August 22, 2023, Denofrio was charged in a one-count Information with introduction of misbranded prescription drugs in interstate commerce, in violation of Title 21, United States Code, Sections

1

331(a) and 333(a) (DE 1).

2. On August 29, 2023, Denofrio appeared before U.S. Magistrate Judge Reinhart for his initial appearance (DE 4). At the initial appearance, Judge Reinhart entered a $100,000 personal surety bond and imposed several conditions, including the mandatory condition that the Defendant "[m]ust not violate any *federal*, state or local law while on release in this case. …" (DE 5) (*emphasis added*).

3. Denofrio entered a guilty plea to the one-count Information on September 21, 2023 pursuant to a plea agreement (DE 9 and 10). Pursuant to the plea agreement, a factual proffer was executed by Denofrio wherein he admitted to the conduct supporting the violation (DE 11).

4. Sentencing in the matter is scheduled for December 13, 2023.

5. On November 9, 2023, Denofrio filed his motion to modify the conditions of pre-trial release (DE 15), and on November 13, 2023, this Honorable Court entered an Order requiring the Government's response (DE 16).

## **ARGUMENT**

### *Marijuana Use under Florida Law*

In 2017, Florida made legal the use of medical marijuana to treat certain conditions. *See* Florida Statute Chapter 381. F.S. 381.986 provides that a patient must be diagnosed with at least one of the following conditions to qualify to receive marijuana or a marijuana delivery device:

(a) Cancer.
(b) Epilepsy.
(c) Glaucoma.
(d) Positive status for human immunodeficiency virus.
(e) Acquired immune deficiency syndrome.
(f) Posttraumatic stress disorder.
(g) Amyotrophic lateral sclerosis.
(h) Crohn's disease.
(i) Parkinson's disease.

    (j) Multiple sclerosis.
    (k) Medical conditions of the same kind or class as or comparable to those enumerated in paragraphs (a)-(j).

F.S.381.986 (2023).

  The Defendant reports that he suffers from insomnia and states that consuming medical "marijuana … each night [] facilitates a full night of rest." (DE 15, ¶ 8). Prior to his initial appearance in this matter, Denofrio met with and was interviewed by a pretrial services officer. During the interview, Denofrio reported a history of substance abuse with cocaine, and indicated that "[i]n 2011, … he underwent substance abuse treatment, and [has been] sober ever since. He reported no further substance abuse history, and indicated that currently he only consumes alcohol once or twice per year.") Notably, the pretrial services report reflects that Denofrio was convicted of cocaine related offenses in 2002 and 2008.

  In connection with the Defendant's physical health, Denofrio reported to the officer that he suffers from cardiac related issues and hypertension and provided a list of prescriptions for the reported ailments. Interestingly, the Defendant <u>did not</u> report that he suffered from insomnia, or that he required the use of marijuana in connection with any health issues.

### *Marijuana Use is Prohibited under Federal Law*

  Under Title 18, United States Code, Section 3142(b), when a court releases a defendant pursuant to personal recognizance or unsecured appearance bond, the court must order that the pretrial release be "subject to the condition that the person not commit a Federal, State, or local crime during the period…." Possession of marijuana, even for medical use, remains a federal crime under the Controlled Substances Act ("CSA"). The CSA categorizes marijuana as a Schedule I substance, which is defined as a substance for which there is "no currently accepted medical use in treatment" and a "lack of accepted safety for use … under medical supervision."

21 U.S.C. § 812(b)(1)(B)-(C) and (c).  The Supreme Court held that "by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses." *Gonzales v. Raich*, 545 U.S. 1, 27 (2005).  Therefore, the possession (and thereby use) of marijuana, even with a lawful prescription from a licensed Florida doctor, is a federal crime.

In 2009, former Attorney General Eric Holder issued guidelines limiting the prosecution of marijuana cases, however, such limitation does not change the fact that possession of marijuana, even for medical use, is a violation of federal law.  The Attorney General has the authority, after consultation with the Secretary of Health and Human Services, to add, remove, or transfer substances to, from, or between schedules. 21 U.S.C. § 811.  However, the Attorney General has not used his authority to reschedule marijuana and therefore it remains a Schedule I substance.

Moreover, Florida's medical marijuana law does not and cannot supersede federal law criminalizing the possession of marijuana. *See Gonzalez v. Raich,* 545 U.S. at 27 (citations omitted) (The Supremacy Clause unambiguously provides that if here is any conflict between federal and state law, federal law shall prevail.")  Thus, Florida's medical marijuana law has no effect on federal law and the possession of marijuana remains illegal under federal law.

### *Alternative Option*

In his motion to modify the conditions of release, the Defendant reports that he possessed a prescription for a traditional medication to address the insomnia ailment, but without any elaboration, he simply states that he "feels that taking new substances is not in his best interest." (DE 15, ¶ 8).  Notwithstanding how the Defendant "feels" about the alternative traditional medication option, it is an alternative and non-violative of federal law.

The use of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law for purposes of the Bail Reform Act, 18 U.S.C.§ 3142(b).  The Defendant's

pretrial release conditions cannot, and should not, be modified to allow him to possess or use marijuana.

In this particular case, given the Defendant's history of illegal cocaine possession, admission of marijuana usage and his prior drug convictions, it would be appropriate for this Court to order that the Defendant be prohibited from using all controlled substances, including marijuana, and be subject to drug testing while on pretrial release to ensure that he refrains from further criminal conduct.

The undersigned Assistant United States Attorney has conferred with the assigned pretrial services officer, who advised that Probation supports the employment of the alternative option of the traditional medication to treat the Defendant's insomnia.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's motion and impose the following conditions of supervision in this case: (1) The defendant shall submit to substance abuse testing and/or treatment; and (2) The defendant shall refrain from any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802).

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

    /s/ *Robin W. Waugh*
    ROBIN W. WAUGH
    Assistant United States Attorney
    Florida Bar #: 537837
    500 South Australian Avenue, 4th Flr.
    West Palm Beach, Florida 33401
    Tel: (561) 820-8711
    Fax: (561) 659-4526

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading with attachments was filed via the Court's electronic filing system and served via email to counsel of record on November 14, 2023.

/s/ *Robin W. Waugh*
ROBIN W. WAUGH
Assistant United States Attorney