UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

UNITED STATES OF AMERICA
        Plaintiff,
vs.                                              CASE NO:23-CR-80153-Singhal/McCabe

LOUIS DENOFRIO, JR.,
        Defendant.
_____/

## SENTENCING MEMORANDUM

**COMES NOW,** the Defendant, Louis Denofrio Jr. ("Louis"), by and through the undersigned counsel, who respectfully submits this sentencing memorandum for the Court's consideration in connection with his sentencing hearing scheduled for January 31, 2024.

I. DEFENDANT'S BACKGROUND

Louis was raised in Greenfield, Massachusetts. His childhood was unremarkable, having been raised in a stable, functioning household that was devoid of poverty, trauma, and any emotional or physical abuse. Louis parents were stern and stressed the benefits of school and community. Unfortunately, Louis was a below average student because he lacked sufficient concentration and interest in excelling in scholastics. Through out his formative years he suffered from attention deficit hyperactivity disorder (ADHD) that was mostly untreated.

Louis found an outlet in sports that allowed him to direct his focus and energy. He was a gifted multi-sport athlete that was able to compete at the college level for a short

1

period of time. Later, Louis became passionate about nutrition and weight-training when he became involved in competitive body-building.

At the age of twenty-seven (27), while living in Florida and working for Wackenhut Security, Louis met Lisa and began a relationship that sent his life in the wrong direction. Lisa introduced Louis to crack-cocaine. The next 11-12 years of Louis' life was a sad tale of habitual drug use, unemployment, homelessness, and despair. He began the difficult process of substance abuse rehabilitation in 2008. Rehabilitation is rarely a straight progression, and the next three (3) years became a see-saw of sobriety and relapse. In 2011 Louis was required to complete a drug-court program in Palm Beach County and thankfully the process allowed him to end the cycle of abuse he had been putting himself through for the previous fifteen (15) years.

In 2012, Louis met his current wife, Elia. The couple live in Lake Worth, FL, and their marriage remains strong. Elia's daughter from a previous marriage, Sara, was approximately seven (7) years of a age when Louis became a part of her life. Louis has no biological children, and his bond with Sara has blossomed into one of the most meaningful relationships of his life. Sara is now a first-year student at Florida State University. The two remain close, and although Louis has elected to keep Sara unaware of this criminal case, he is a constant presence in her life offering emotional support and anything else she may need. Louis' commitment to Elia and Sara keeps him grounded and helps ensure that his efforts are directed toward being a responsible partner and father for his family.

Louis recently was able to secure employment with Apex Wellness. He is working in the recovery field, helping assess individuals that are in need of substance and alcohol rehabilitation. He has vast experience to draw from and a genuine interest in helping those in need. He is being paid a modest salary and does not receive any bonus for placements or

referrals. It is honest work that is focused on helping a portion of the population that needs the support of others to overcome their own ailments. Louis has found that being available for others has further strengthened his own recovery and is emotionally fulfilling.

II. STATUTORY SENTENCING FACTORS.

As the Court is aware, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines (USSG) are no longer mandatory, but are rather advisory. The federal sentencing process has now adopted a two step approach. (See Fed. R. Crim. P. 11(M) amended December 1, 2007). First, the Court is to resolve any disputed guideline issues and determine the advisory guideline range. Second, the Court is to consider if there are any factors that may warrant a departure from the advisory guideline range. As before Booker, the Court is to depart when it is warranted under the facts and circumstances of a particular case. "The application of the guidelines is not complete until the departures, if any, that are warranted are appropriately considered." United States v. Jordi, 418 F.3d 1212, 1215 (11th Cir. 2005).

Pursuant to the "parsimony clause" of Title 18 U.S.C. §3553(a), a court is to impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing enumerated in §3553(a)(2). Section (a)(2) provides that this Court shall fashion a sentence which:

    (A) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense;

    (B) provides adequate deterrence to criminal conduct;

    (C) protects the public from future crimes of the defendant and;

  (D)  provides the defendant with the needed educational or vocational training, medical care, or correctional treatment in the most effective manner.

"The guidelines are not only *not mandatory* on sentencing courts; they are also not to be presumed reasonable." Nelson v. United States, 555 U.S. 350, 352, 129 S. Ct. 890, 892 (2009). The Supreme Court's decisions post Booker emphasize that ditrict courts have wide discretion to fashion an appropriate sentence and that courts of appeals ill not disturb those sentences absent a clear abuse of discretion. Gall v. United States, 522 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (finding a variance to probation fora drug offender reasonable); Kimbrough v. United States, 522 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (finding that the Sentencing Guidelines are merely advisory in every respect and judges are free to disagree with them and sentence individuals in a manner they deem reasonable). Court are free to depart from the Guidelines based solely upon disagreement with them so long as the court states its disagreement along with sufficient justification for the extent of the departure. See United States v. Parris, 573 F.Supp.2nd 744, 754-55 (E.D.N.Y. 2008) (citing United States v. Cutler, 520 F.3d 136 (2nd Cir. 2008). Further, a district court's exclusive reliance on a Sentencing Guidelines calculation is erroneous. A lawful sentence may not be imposed on the assumption by the district court that the Sentencing Guidelines calculation is reasonable. It must, instead, be based on the statutory criteria in 18 U.S.C. §3553, and the District Court must explain what weight is being given to the statutory criteria at the time sentence is imposed.

 Pursuant to 18 U.S.C. §3553(a), this Court is to consider a number of factors to arrive at a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing- factors which include: (1) the nature and circumstance of the offense; (2) the

4

history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence; (4) the kinds of sentences available; (5) the sentencing range determined by the guidelines calculation; and (6) the need to avoid unwarranted sentence disparities among defendants.

III. APPLICATION AND MITIGATION

The applicable Offense Level in this case is Level Four (4) and the Defendant has one (1) criminal history point which places him in Category I. The corresponding advisory sentencing guidelines is 0-6 months. Although Louis has had several contacts with the criminal justice system prior to the event for which the Court is considering sentence, the majority of those offenses centered around his substance abuse addiction and his corresponding lifestyle to being habitually intoxicated. Prior to this event, Louis' last arrest was in May 2008, thus, there is a substantial period of time in which the Defendant was living a lawful lifestyle for which the Court can consider in determining anticipated future behavior.

The allegations related to the crime for which Louis entered a change of plea do not involve threats, violence, or weapons. The criminal conduct is serious and allowed individuals seeking a competitive edge in muscle building access to supplements that can be harmful if used for human consumption. These products were obviously being utilized incorrectly by the end users that were purchasing them from the Defendant's company under the guise of claiming it was for research purposes. Turning a blind-eye to their abuse and helping to give individuals' access to harmful supplements is dangerous. Louis doesn't

dispute the seriousness of the offense and recognizes that he should have made better choices related to his business.

Louis has not been involved in wrong-doing since he closed that company more than four years ago. He has steady work, a stable home life, a loving wife, caring step-daughter, and a circle of friends and family that are committed to his future. This strong moral base is a foundation that Louis can draw from to make certain that he remains on a path of crime-free living. The Defense contends that he represents as a low risk of future recidivist behavior.

Louis continues to take his recovery extremely seriously, and is open and unopposed to mental health therapy and treatment that will teach him long-term self-help techniques that address his emotions and depression. Although Louis is working full time he is willing to undergo and courses that focus on additional rehabilitation that the Court believes would further assist him with future development. Louis believes his continued work with Apex Wellness will undoubtedly be a benefit to our South Florida community as he continues to assess and counsel people that are taking the initial steps to begin their own journey towards recovery.

Louis is battling several physical health ailments that are mostly related to his weight and are negatively impacting his heart, back, and joints. The Defense suggests that any obstacles in being able to visit his regularly treating healthcare professionals would impact his overall health in the wrong way.

Given Louis' (1) limited criminal behavior over the past fifteen (15) years, (2) stable home life, (3) worthwhile gainful employment, (4) value as a parent to Sara, (5) goal of being a vocal sponsor for other seeking to change their lives and treat their harmful addiction, the

6

Defense urges the court to issue a sentence that focuses on supervision. This process has shown Louis the error of his ways and that he is in jeopardy of losing all that is important in his life. He is deterred from making poor choices in the future and believes he will be able to prove to this Court that he is an individual worth investing another chance on.

**WHEREFORE**, the Defense prays the Court will consider these mitigating issues when fashioning a sentence in this case and issue a just punishment that focuses on supervision rather than incarceration.

Respectfully submitted,

JORDAN M. LEWIN, P.A.
2701 Ponce De Leon Blvd.
Suite 202
Coral Gables, FL 33134
Tel: (305) 577-8525
Fax: (305) 570-2714

By: __/s/Jordan M. Lewin_____
    Jordan M. Lewin
    FL Bar No.: 0344450

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2024, I filed this instant Sentencing Memorandum with the Clerk of the Court utilizing CM/ECF electronic docketing system, which will send a copy of this filing to all attorneys of record.

By:__/s/ Jordan M. Lewin_____
    Jordan M. Lewin
    Fla. Bar No.:0344450